IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSHUA ZANE YANAS, § | |
| § | |
| **Movant-Defendant,** § | |
| § | |
| v. § | **CIVIL ACTION NO. SA-24-CV-00131-FB** |
| § | **[Criminal Case No. SA-20-CR-00029-FB-1]** |
| UNITED STATES OF AMERICA, § | |
| § | |
| **Respondent-Plaintiff.** § | |

**MEMORANDUM OPINION AND ORDER**

The Court has considered Movant Joshua Zane Yanas' ("Movant") "Motion for Relief Due to Intervening Change in Law," which the Court construed as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (ECF No. 97),[1] and Respondent United States of America's ("the Government") Response (ECF No. 101). The Court denies the Motion for the following reasons.

**BACKGROUND AND PROCEDURAL HISTORY**

Movant is a 24-year-old inmate at the Federal Correctional Institution in Forrest City, Arkansas. *See* Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 45234-480, last visited July 2, 2024). His projected release date is December 31, 2025. *Id*.

On September 30, 2019, a pawn store manager in San Antonio, Texas, informed Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agents of a possible straw purchaser. (ECF No. 52 at 3-4). He told the agents a woman, accompanied by a man, had visited his store to examine a Romarm/Cugir, Model Mini Draco 7.62 caliber pistol. While in the store, the man was talking with

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in SA-20-CR-00029-FB-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

someone on his cell phone. *Id*. at 4. When the woman returned alone later that day to purchase the firearm, he told her the National Instant Criminal Background Check System (NICS) had put a delay on the purchase. *Id*. He acknowledged the NICS had not actually given a delay notice, but he believed the purchase was suspicious and decided to contact ATF before he sold the weapon.

Later that day, the woman went to another pawn shop to pay cash for the same model Draco pistol. *Id*. She signed an ATF Form 4473 declaring that she was the actual buyer of the firearm. *Id*. When she was located and interviewed by the ATF agents, she identified the Movant as the individual who had accompanied her to the original pawn shop and admitted she had purchased the Draco pistol at the direction of the Movant for a third person. *Id*. at 4-5. She also claimed Movant was "always armed" and sold marijuana, methamphetamine, and Xanax. *Id.* at 4

Movant was arrested on an active warrant for a parole violation. *Id.* at 5. He was in possession of a Springfield XD 9mm pistol that the same female had purchased for him at the time of his arrest. *Id.* He admitted he was a regular user of Xanax and marijuana. *Id*. at 6.

Movant was indicted on two counts of knowingly possessing a firearm while an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (Counts One and Two), and one count of conspiracy to make a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 371, 924(a)(1), 922(a)(6) (Count Four). (ECF No. 23).

Movant entered into a plea agreement with the Government. (ECF No. 52). Under its terms, he agreed to plead guilty to Counts One and Four. *Id*. at 1. He also agreed to waive his right to challenge his sentence in a post-conviction collateral challenge on any ground except for a claim based on ineffective assistance of counsel or prosecutorial misconduct. *Id*. at 8. In exchange, the Government agreed to move to dismiss the remaining charge, not oppose a downward adjustment

for acceptance of responsibility, and recommend that the sentences run concurrently. *Id*. at 2, 10, 11.

Movant was sentenced on May 6, 2021, to 84 months' imprisonment for Count One—and 60 months' imprisonment for Count Four—to be served concurrently. (ECF No. 90). He did not appeal.

In his Motion dated January 30, 2024, Movant seeks relief from his conviction. (ECF No. 97). He relies on the Fifth Circuit Court of Appeals' decision in *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), to argue that 18 U.S.C. § 922(g)(3), as applied to him, violates the Second Amendment and is, therefore, unconstitutional. He asserts he was a nonviolent marijuana user and was not under the influence of marijuana at the time of his arrest. He further asserts his Motion is timely because he discovered the facts supporting his claim only after reviewing the Fifth Circuit's August 9, 2023, opinion in *Daniels*. *See* 28 U.S.C. § 2255(f)(4).

**STANDARD OF REVIEW**

Section 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). It is not a "substitute for direct appeals." *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001); *see also United States v. Frady*, 456 U.S. 152, 167 (1982) (imposing a "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal). And it identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral

attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, § 2255 does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

## ANALYSIS

In his plea agreement, Movant waived his right to collaterally challenge his sentence on any ground except for a claim based on ineffective assistance of counsel or prosecutorial misconduct. (ECF No. 52).

"[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "[A] defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the

ineffective assistance of counsel." *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)).

Movant does not claim his waiver was not informed and voluntary. He does not suggest the waiver was tainted in any way by the ineffective assistance of his counsel. He bargained for the waiver provision, and he received significant concessions from the Government as part of the agreement. His knowing and voluntary waiver of the collateral review of his sentence requires the Court to deny his motion. *See Grzegorczyk v. United States*, 142 S. Ct. 2580 (2022) ("Because the Seventh Circuit correctly concluded that the defendant's unconditional guilty plea [pursuant to a negotiated plea agreement] precluded any argument based on the new caselaw, this Court has no appropriate legal basis to vacate the Seventh Circuit's judgment.").

Furthermore, Movant's Motion is without merit. He relies on the Fifth Circuit's decision in *Daniels* to argue that 18 U.S.C. § 922(g)(3), as applied to him, violates the Second Amendment and is therefore unconstitutional. (ECF No. 97). He is wrong.

In *Daniels*, the defendant admitted he smoked marihuana multiple days per month. *United States v. Daniels*, 77 F.4th 337, 339 (5th Cir. 2023). "But the government presented no evidence that he was intoxicated at the time of arrest, nor did it identify when he last had used marihuana. Still, based on his confession to regular usage, a jury convicted Daniels of violating § 922(g)(3)." *Id.* The Fifth Circuit observed "[t]he question is whether Daniels' conviction violates his right to bear arms. The answer depends on whether § 922(g)(3) is consistent with our nation's 'historical tradition of firearm regulation.'" *Id.* at 339 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2126 (2022)). It noted "[s]ection 922(g)(3)—the first federal law of its kind—was not enacted until 1968, nearly two centuries after the Second Amendment was adopted." *Id.* at 340. It accordingly

concluded, "[a]s applied to Daniels, then, § 922(g)(3) violates the Second Amendment." *Id*. So, the Fifth Circuit reversed the judgment and dismissed Daniels' indictment. *Id*.

But the Supreme Court vacated the judgment in *Daniels* and remanded the case to the Fifth Circuit "for further consideration in light of *United States v. Rahimi*, 602 U. S. ____ [2024 WL 3074728] (2024)." *United States v. Daniels*, No. 23-376, 2024 WL 3259662, at *1 (U.S. July 2, 2024).

In *Rahimi*, the defendant was indicted for possessing a firearm while subject to a domestic violence restraining order in violation 18 U.S.C. § 922(g)(8). *Rahimi*, 2024 WL 3074728, at *4. Rahimi moved to dismiss the indictment, arguing that Section 922(g)(8) violated his Second Amendment right to keep and bear arms on its face. *Id*. at *5. His motion was denied after the district court concluded that Fifth Circuit precedent foreclosed his Second Amendment challenge. *Id*. Rahimi then pleaded guilty. *Id*. On appeal, he again raised his Second Amendment challenge. *Id*. His appeal was denied, but he petitioned for rehearing *en banc*. *Id*. On rehearing his conviction was vacated when the Fifth Circuit concluded, in light of the Supreme Court's recent decision in *Bruen*, that § 922(g)(8) did not fit within the tradition of firearm regulations. *Id*.

The Supreme Court observed in its review of *Rahimi* that "'the right secured by the Second Amendment is not unlimited.'" *Id*. (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). "In *Bruen*, we directed courts to examine our 'historical tradition of firearm regulation' to help delineate the contours of the right." *Id*. at *6 (citing *Bruen*, 597 U.S. at 17). But it noted "[a] court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit." *Id.* And it further noted, for example, that "[a]t the founding, the bearing of arms was subject to regulations ranging from rules about firearm storage to restrictions on gun use by drunken New Year's Eve revelers." *Id*. at *5 (citing Act of Mar. 1, 1783, 1783 Mass. Acts and

Laws ch.13, pp. 218–219; 5 Colonial Laws of New York ch. 1501, pp. 244–246 (1894)). So, after reviewing this and other historical limitations on firearms, it concluded that "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others," and § 922(g)(8) could be applied lawfully to Rahimi. *Id*. at *7.

> For its part, the Fifth Circuit made two errors. First, like the dissent, it read *Bruen* to require a "historical twin" rather than a "historical analogue." Second, it did not correctly apply our precedents governing facial challenges. As we have said in other contexts, "[w]hen legislation and the Constitution brush up against each other, [a court's] task is to seek harmony, not to manufacture conflict." Rather than consider the circumstances in which Section 922(g)(8) was most likely to be constitutional, the panel instead focused on hypothetical scenarios where Section 922(g)(8) might raise constitutional concerns. That error left the panel slaying a straw man.

*Id*. at *11 (citations omitted).

Consequently, the Fifth Circuit's opinion in *Daniels*—since it was overruled by the Supreme Court—does not provide the newly discovered facts which support this Court vacating Movant's sentence.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Movant's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when the district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when the district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for denying Movant's claims as untimely. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

## CONCLUSIONS AND ORDERS

The Court concludes that Movant knowingly and voluntarily waived his right to collaterally attack his sentence in his plea agreement. Moreover, the Court concludes that Movant cannot meet his burden of showing his sentence was imposed in violation of the Constitution or laws of the United States, his sentencing court was without jurisdiction to impose the sentence, his sentence was in excess of the maximum authorized by law, or his sentence is otherwise subject to collateral attack.

*Seyfert*, 67 F.3d at 546. The Court further concludes that Movant is not entitled to a hearing or a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Movant Joshua Zane Yanas' "Motion for Relief Due to Intervening Change in Law," which the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 97), is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Joshua Zane Yanas is **DENIED** a **CERTIFICATE OF APPEALABILITY** .

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**It is so ORDERED.**

**SIGNED this 8th day of July, 2024.**

_____
**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**